FILED

UNITED STATES DISTRICT COURT

JAN 0 7 2008

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

DAVID CREWS, CLERK
By OWilkerson
Deputy

UNITED STATES OF AMERICA

v.     CRIMINAL NO. 1:08CR 003

JOSEPH C. LANGSTON

PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. **GUILTY PLEA**. The defendant agrees to waive indictment and plead guilty under oath to a one-count Information, which charges conspiracy to corruptly influence an elected state official, and which carries maximum possible penalties of 5 years imprisonment, $250,000 fine, 3 years supervised release, and a mandatory special assessment of $100; all in violation of Title 18, United States Code § 371. The parties agree that the sentence in this case shall not exceed three years. This is an 11(c)(1)(C) provision. In the event the Court declines to accept this three-year "cap," the parties ask only that the defendant be permitted to withdraw his plea.

2. **COOPERATION**. (a) The defendant agrees to cooperate with the United States Attorney by giving full and truthful statements to such agents as are assigned by the United States Attorney to interview defendant as to all knowledge defendant may have of other persons involved in any way in the offenses charged and all other criminal offenses in any way and to give full and truthful testimony about same before any federal grand juries and trial juries before

which defendant is subpoenaed. The defendant understands that a false statement to a federal agent or a failure to testify truthfully would subject him to prosecution for false statements or perjury.

(b) The United States Attorney reserved the right, in his sole discretion, to move the Court for a downward departure from the applicable guideline range (or Rule 35 reduction of sentence) in the event the United States Attorney determines that the defendant's cooperation has risen to the level of substantial assistance.

(c) As part of his cooperation, defendant will pay to the Clerk of this Court before sentencing the mandatory $100.00 assessment fee for Count One. The United States Attorney will make known to the Court at the time of sentencing the nature and extent of all testimony and other cooperation of the defendant, including payment or non-payment of assessment fees.

3. **OTHER CHARGES**. The United States agrees not to charge the defendant with any other offenses, related or unrelated, as of the date of this Agreement. The United States agrees not to seek forfeitures of the defendant's assets.

4. **SENTENCE**. There is no agreement as to the sentence to be imposed, which will be in the sole discretion of the Court subject to the Federal Sentencing Guidelines, which has been explained to defendant by his attorney. Both parties reserve their right to speak at sentencing.

5. **SPECIAL ASSESSMENT**. The defendant agrees pursuant to 18 U.S.C. § 3013 to pay to the Clerk of the U. S. District Court prior to sentencing in this case the mandatory $100 assessment fee for each count to which he pleads guilty, which is by law in addition to any other penalty imposed.

6. **OTHER AUTHORITIES**. This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws.

7. **VIOLATIONS OF THIS AGREEMENT**. If defendant violates this agreement, all statements made pursuant hereto will all be admissible against defendant who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

8. **ACKNOWLEDGMENTS: NO OTHER AGREEMENTS; DEFENDANT IS IN FACT GUILTY**. Apart from being advised of the applicability of the U.S. Sentencing Guidelines, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea(s) of guilty. Defendant agrees that the Court may continue all proceedings in the case until such date as the Court may set for consideration of the plea agreement, the plea of guilty and imposition of sentence. This agreement fully reflects all promises, agreements and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty of the charges.

The foregoing constitutes the only plea agreement between the parties.

This the ____7th____ day of ____January____, 2008.

                                             _____
                                             JIM M. GREENLEE
                                             UNITED STATES ATTORNEY
                                             Mississippi Bar No. 7018

AGREED AND CONSENTED TO:

_____
JOSEPH C. LANGSTON, Defendant


APPROVED:

_____
ANTHONY L. FARESE, Attorney for Defendant
                MSB #5133