IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

VERSUS                                                      NO: 1:08-cr-00003-MPM-JAD

JOSEPH C. LANGSTON                                                   DEFENDANT


**ORDER**

This cause comes before the court on the motion of Paul Quinn and certain other members of the media for access to presentence letters written to this court in the above-entitled action.[1] In addressing very similar motions filed in *US v. Richard Scruggs, et al.*, No. 3:07CR192 (N.D. Miss. 2008), Judge Biggers granted significant media access to letters which had been written to him, writing as follows:

> It is well-settled that "a court has the inherent authority to control various aspects of the cases before that court so that [it] can 'protect [its] proceedings and judgments in the course of discharging [its] traditional responsibilities.'" *United States v. Moussaoui*, 483 F.3d 220, 237 (4th Cir. 2007) (quoting *Degen v. United States*, 517 U.S. 820 (1996)). As the Supreme Court has noted, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. In the case at bar, the court finds no circumstances justifying a refusal to make the presentencing letters available to the public and the press. Sentencings in open court often involve discussions concerning letters that have been written to the sentencing judge, and the court is of the opinion that any

---

[1] Quinn, Assignment Editor for the Daily Mississippian student newspaper, originally filed this motion on behalf of the Student Media Center, which publishes his newspaper. Quinn has since written to this court to clarify that he intended to file this motion on his own behalf only, in order to remove any suggestion that he was practicing law without a license. This distinction is of no moment. For the purposes of seeking access to presentence letters in these chambers, known reporters may file such requests in writing either in person or through counsel.

1

> letters written to influence the sentencing judge should be a matter of public record with some exceptions which should remain under seal – for example, medical information from health care providers, information which may lead to harassment from the defendant, and other information for which good cause is shown. With these limited exceptions, the court finds that no presumption of confidentiality attaches to pre-sentencing letters sent to the court.

*Scruggs*, docket entry [207-1], slip op. at 1-2. This court finds Judge Biggers' reasoning to be persuasive, and it intends to follow a similar approach as it relates to media access to sentencing letters in the instant case.

Defendant notes that a standing order of this court, entered by Judge Biggers and Judge Davidson on September 17, 1998, provides that "presentence reports prepared for the judges and magistrate judges of this district are considered confidential court documents and remain the property of the court at all times." Defendant argues that, since letters written directly to the court are attached to the presentence report, they should enjoy the same presumption of confidentiality which attaches to the report itself. The court disagrees. Presentence reports are prepared by U.S. Probation Officers, who are employees of the federal judiciary. Presentence reports are intended for the court's private consideration, are not intended to advance the interests of either party, and are thus comparable to a judicial law clerk's memorandum to the court. Presentence letters, by contrast, are written by members of the general public, rather than the court's staff, and they are written to argue in favor of a particular sentencing result. As such, these letters are more comparable to amicus briefs, and they should not, in the court's view, enjoy the same level of confidentiality as presentence reports.

The court finds persuasive the view expressed by U.S. District Judge Frederic Block of the Eastern Division of New York that, unlike presentence reports, letters sent directly to the court are "designed to have a direct impact on the court's sentence ... consequently, they take on

the trappings of a judicial document under the common law since they are the functional equivalent of being 'physically filed' with the court, and are directly 'relevant to the performance of the judicial function.'" *United States v. Gotti*, 322 F.Supp.2d 230, 249 (E.D. N.Y. 2004). In *Gotti*, Judge Block relied upon *United States v. Amodeo*, 44 F.3d 141, 145 (2d. Cir. 1995), in which the Second Circuit observed that:

> We think that the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access. We think that the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.

In the court's view, letters written to the court with the specific purpose of influencing its sentencing decision are appropriately regarded as "judicial documents" within the meaning of *Amodeo*.[2]

The court agrees with defendant, however, that presentence letters written to a court are judicial documents which are unusually sensitive in nature, and the court further agrees that a court should be hesitant to release such letters, in most cases. Indeed, while Judge Block concluded in *Gotti* that the law did not mandate that presentence letters be kept confidential as a general matter, he nevertheless decided against releasing the letters written to him based upon the circumstances of that particular case. That is, Judge Block observed that the public's interest in the letters in that high-profile case merely involved a "craving for the sensational and impure"

---

[2]The court would also note that, even if letters written to a judge were somehow considered to enjoy the same protection as presentence reports, the presumption against their disclosure would still not be absolute. That is, most courts have concluded that the presumption against disclosure of presentence reports to third parties may be overcome when there is a "compelling need for disclosure to meet the ends of justice." *U.S. v. Charmer Industries, Inc.*, 711 F.2d 1164, 1176 (C.A. N.Y.1983).

and that "there is no reason in this case to publicly disclose the letters, and every reason to preserve the privacy interests of the writers." *Gotti*, 322 F. Supp. 2d at 250.  In this case, the court is likewise concerned that the release of the letters may cause pain or embarrassment to the writers, and it would ordinarily be more receptive to defendant's argument that they be kept sealed.  Defendant argues that citizens may be hesitant to write letters on behalf of defendants in future cases if they fear that the letters might be made public.  While this court can not rule out the possibility that presentence letters may not be released in future cases, the court does view this case as being an exceptional one.

In this case, there is, in fact, a compelling reason to disclose the letters in question, since the defendant pleaded guilty to having engaged in a "conspiracy to corruptly influence an elected state official" under circumstances which have caused considerable damage to the justice system in this state.  Accordingly, it is particularly important that these proceedings be open and transparent, and the public's interest in the presentence letters in this case is not merely of a "sensational" or "impure" nature, as Judge Block found to be the case in *Gotti*.  The presentence letters in this case were written with the express intent of influencing this court's sentencing decision, and the court's eventual sentence will have important public consequences.  In the court's view, defendant, and those who have written letters on his behalf, must accept the fact that the judicial system has an interest in upholding the public's confidence in its own proceedings.  This interest outweighs any confidentiality interest possessed by those who elected to write letters on behalf of the defendant in this case, and defendant's objections to the release of these letters (and his alternate request that the letters be withdrawn) will therefore be overruled.

In light of the foregoing, it is ordered that Quinn's motion [16-1] for access to pre-sentencing letters, as well as similar motions filed by Journal Publishing Company [19-1], the Oxford Eagle Newspaper [20-1], and Sandra Knispel [23-1] are granted. The movants may examine the requested information in the office of the court clerk on Wednesday, December 10, 2008 during normal business hours.

SO ORDERED, the 8th day of December, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**